UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E&S RING MANAGEMENT CORPORATION, | No. 2:16-cv-03043-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| DARNELL LAMONT CARD; and DOES 1 through 10 inclusive, | |
| Defendants. | |

On December 29, 2016, defendant Darnell L. Card, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. Card also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to Sacramento County Superior Court and DENIES as moot Card's motion to proceed in forma pauperis.

I. SUBJECT MATTER JURISDICTION

    A. Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal

1

question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

B.   Discussion

Card's Notice of Removal asserts the court has federal question jurisdiction under § 1331 because "Defendant's answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." ECF No. 1 at 2. The complaint plaintiff filed in state court asserts only a claim for unlawful detainer, which is a matter of state law. *Id.* at 8.

As explained above, Card's answer or counterclaim cannot serve as the basis for federal question jurisdiction. *Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint and

may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction. Plaintiff's complaint expressly states that this "action is a limited civil case" where the "amount demanded does not exceed $10,000." ECF No. 1 at 6. The complaint seeks possession of the premises, reasonable attorney fees, and damages in the amount of $1,526.04 for past due rent and $52.43 per day for each day from December 1, 2016 until the date of judgment. *Id.* at 8. These damages, taken together, are not likely to total more than $75,000, and Card has provided no other evidence or allegations as to the amount in controversy. According, the court cannot exercise diversity jurisdiction over the action.

II.     REQUEST TO PROCEED IN FORMA PAUPERIS

For the foregoing reasons, the court has determined sua sponte that it lacks subject matter jurisdiction, and thus remands the case to Sacramento County Superior Court. *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). As a result, defendant's motion for in forma pauperis status is moot.

III.    CONCLUSION

For the foregoing reasons, this action is REMANDED to Sacramento County Superior Court, and defendant's motion to proceed in forma pauperis is DENIED as moot.

IT IS SO ORDERED.

This order resolves ECF Nos. 1 and 2.

DATED: January 11, 2017.

UNITED STATES DISTRICT JUDGE